

FILED
OCT 28 2016
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY RICHARD KOZLOWSKI III, | Bankr. Case No. 15-51057 |
| | Adversary Proceeding No. 15-05123 |
| Appellant, | |
| | Thomas J. Tucker |
| | United States Bankruptcy Judge |
| vs. | |
| | Case No. 16-11323 |
| MICHIGAN UNEMPLOYMENT | Paul D. Borman |
| INSURANCE AGENCY, | United States District Judge |
| Appellee. | |
| _____/ | |

**OPINION AND ORDER DENYING APPELLANT KOZLOWSKI'S APPEAL AND AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

On April 12, 2016, Appellant Debtor Stanley Kozlowski ("Kozlowski") filed his Notice of Appeal from the Bankruptcy Court's Order Denying Debtor's Motion to Dismiss. (ECF No. 1.) On June 3, 2016 Kozlowski filed his appeal brief, and on June 23, 2016, Appellee Michigan Unemployment Insurance Agency ("MUIA") filed its response. (ECF Nos. 5 & 6.) Thereafter, on August 25, 2016, MUIA filed a Notice of Supplemental Authority. (ECF No. 8.)

A hearing on this matter was held on Friday, October 21, 2016. For the reasons set forth below, the Court will AFFIRM the Bankruptcy Court's Order and DENY Kozlowski's appeal.

I. BACKGROUND

As set forth in the MUIA's Adversary Proceedings complaint, Kozlowski received unemployment benefits for the weeks ending January 8, 2011 through March 26, 2011. (Adv. Prod. ("AP") Case No. 15-5123, Dkt. 1, Complaint, at ¶ 8.) Thereafter, in Administrative Determinations dated October 12, 2011 and October 13, 2011, MUIA found that at the same time

Kozlowski received those unemployment benefits, he had been working full-time and receiving disqualifying wages. (*Id.*, at ¶ 9.) The MUIA also determined that Kozlowski had "intentionally misled and/or concealed information to obtain benefits Defendant was not entitled to receive." (*Id.*, at ¶ 10.) The Administrative Redeterminations ordered restitution of $4,344.00 in overpaid benefits and assessed a statutory fraud penalty of $16,669.00 under "Mich. Comp. Laws § 421.54 due to [Kozlowski's] false representations and failure to disclose material facts." (*Id.*, at ¶ 18.) Thereafter, MUIA collected $7,666.00 from Kozlowski. (*Id.*, at ¶ 19.)

On July 23, 2015, Kozlowski filed for Chapter 13 bankruptcy relief. (*See* Bankr. Case No. 15-51057.) MUIA was a creditor in that case and claimed that Kozlowski was improperly paid unemployment benefits when he was not qualified for those benefits. On November 16, 2015, MUIA filed an adversary proceeding against Kozlowski to have the entire debt it was owed, including the statutory fraud penalty, declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and *Cohen v. De La Cruz*, 523 U.S. 213 (1998). (*See* AP Case No. 15-5123, Dkt. 1, Compl.)

In response to the adversary proceeding, Kozlowski filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), made applicable to the adversary proceeding through FED. R. BANK. P. 7012, for failure to state a claim regarding the penalty portion of the debt owed to MUIA. (AP Case No. 15-5123, Dkt. No. 4, Motion to Dismiss.) Kozlowski argued that the penalty portion of the debt was dischargeable because it fell within the parameters of 11 U.S.C. § 523(a)(7), which is not enumerated as a nondischargeable debt under 11 U.S.C. § 1328(a)(2). After briefing and a hearing, the Bankruptcy Court denied Kozlowski's motion to dismiss and found that the fraud penalty was a debt for fraud covered by 11 U.S.C. § 523(a)(2)(A) "even though the fraud penalty

2

is also a debt covered by [11 U.S.C.] § 523(a)(7), as a noncompensatory penalty payable to and for the benefit of a governmental unit." (AP Case No. 15-5123, Dkt. Nos. 23 & 24, Opinion and Order denying Defendant's Motion to Dismiss; *Michigan Unemployment Ins. Agency v. Kozlowski (In re Kozlowski)*, 547 B.R. 222 (Bankr. E.D. Mich. 2016)). The Bankruptcy Court noted that *Cohen v. De La Cruz*, 523 U.S. 213 (1998) compelled this result. *In re Kozlowski*, 547 B.R. at 227.

On April 7, 2016, the Bankruptcy Court entered a Consent Judgment that provided that judgment was entered in favor of MUIA and against Kozlowski in the amount of $15,188.68 in nondischargeable debt plus filing fees and specified that the amount consisted of "$0.00 in restitution, $44.85 in interest, $14,793.83 in penalties, and $350.00 in filing fee." (AP Case No. 15-05123, Dkt. Nos. 28 & 29, Stipulated Settlement and Consent Judgment.) The Consent Judgment preserved Kozlowski's right to appeal "the unpaid penalties portion of the debt." (*Id.*) Kozlowski then timely filed the present Notice of Appeal from the Order Denying Defendant's Motion to Dismiss on April 12, 2016. (ECF No. 1.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a)(1) a district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. "The bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed *de novo*." *B-Line, LLC v. Wingerter and Keller-Wingerter*, 594 F.3d 931, 935-36 (6th Cir. 2010). In the present case, the issue presented is a question of law regarding whether a debt is dischargeable. "Dischargeability determinations are conclusions of law reviewed de novo." *Lowry v. Nicodemus (In re Nicodemus)*, 497 B.R. 852, 855 (6th Cir. 2013). Thus, the Court must

review the Bankruptcy Court's Order Denying the Debtor's Motion to Dismiss *de novo*.

When reviewing a motion to dismiss under Rule 12(b)(6), made applicable to adversary proceedings pursuant to FED. R. BANK. P. 7012(b), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To sufficiently state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores*, Inc., 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh*, 487 F.3d at 476 (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A plaintiff must provide more than "formulaic recitation of the elements of a cause of action ... Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (internal citations omitted). To wit:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of

4

'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 678.

### III. ANALYSIS

To better understand this legal issue, the Court provides the unchallenged statutory landscape. Kozlowski seeks bankruptcy protection under Chapter 13, 11 U.S.C. § 1328(a). Pursuant to Chapter 13, certain enumerated debts are excepted from discharge, *i.e.* those certain debts are "nondischargeable." *See* 11 U.S.C. § 1328(a). One category of debts enumerated in § 1328(a), and excepted from discharge in Chapter 13 cases, are defined in § 523(a)(2) as debts for "money, property, [or] services ... to the extent obtained, by ... false pretenses, a false representation, or actual fraud."[1] *See* 11 U.S.C. § 1328(a)(2). However, a debt described in § 523(a)(7) as a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, [that is] not compensation for actual pecuniary loss," is nondischargeable in a Chapter 7 case, *but not* excepted from discharge in the usual Chapter 13 case proceeding pursuant to 1328(a).[2]

In the present case, Kozlowski argues that the $16,669.00 penalty he was assessed by MUIA for allegedly fraudulently receiving unemployment benefits falls within the ambit of § 523(a)(7) because it is a noncompensatory penalty payable to a governmental unit. Kozlowski reasons that because this debt is encompassed by § 523(a)(7), that debt cannot *also* fall under § 523(a)(2) as a nondischargeable debt obtained by fraud or false pretenses. Kozlowski further contends that the Supreme Court's decision *Cohen v. De La Cruz*, 523 U.S. 213 (1998) and the

---

[1] These debts are also nondischargeable in a Chapter 7 case.

[2] However, if a debtor failed to make his payments as required under the confirmed plan and was discharged under 13 U.S.C. § 1328(b), a debt described in § 523(a)(7) would be then be nondischargeable by operation of 11 U.S.C. § 1328(c)(2).

5

legislative history of § 1328(a) support his statutory interpretation. Kozlowski also argues that the Bankruptcy Court's ruling results in an "absurd result" and renders § 523(a)(7) superfluous.

      A.    *Cohen v. De La Cruz* and 11 U.S.C. § 523(a)(2) provide that Kozlowski's Fraud Penalty from the Receipt of Unemployment Benefits Obtained by Alleged Fraudulent Pretenses is Nondischargable Debt in his Chapter 13 action

The Bankruptcy Court held that *Cohen v. De La Cruz*, 523 U.S. 213 (1998) compelled its holding that Kozlowski's fraud penalty was nondischargeable under 11 U.S.C. § 523(a)(2). This Court agrees.

In *Cohen*, the debtor charged rents in violation of a state rent control ordinance and filed for Chapter 7 protection after he was ordered to refund the affected tenants. *Id.*, at 215. After a bench trial, the bankruptcy court awarded the tenants the excess rent, attorneys fees and costs, and treble damages pursuant to the New Jersey Consumer Fraud Act. *Id.*, at 215-16. The bankruptcy court then concluded that § 523(a)(2)(A) excepted from discharge all obligations that arose out of fraudulent conduct, including punitive damages like the treble damages awarded against the landlord-debtor. *Id.*

The Supreme Court affirmed the bankruptcy court's decisions, holding that "[t]he most straightforward reading of § 523(a)(2)(A) is that it prevents discharge of 'any debt' respecting 'money, property, serves, or … credit' that the debtor has fraudulently obtained, including treble damages assessed on account of the fraud." *Cohen*, 523 U.S. at 218. The Supreme Court explicitly rejected the landlord-debtor's argument that a "'debt for' money, property, or services obtained by fraud is necessarily limited to the value of the money, property, or services received by the debtor," in other words, that the exception under § 523(a)(2)(A) was confined to a restitution theory of recovery rather than including compensatory and punitive theories of

liability as well. *Id.*, at 219-23. In its rejection of that argument, the Supreme Court noted that had Congress wished to parse out theories of recovery from § 523(a)(2)(A), it would have made its intent "unmistakably clear" as it had done in other sections of the Bankruptcy Code, for example in § 523(a)(7). *Id.*, at 222 (citing for support, "See, *e.g.*, § 523(a)(7) (barring discharge of debts 'from a fine, penalty, or forfeiture payable to ... a governmental unit,' but only if the debt 'is not compensation for actual pecuniary loss')." Ultimately, the Supreme Court concluded:

> In short, the text of § 523(a)(2)(A), the meaning of parallel provision in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt ... for money, property, services, or ... credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

*Id.*, at 223.

In the instant action, the fraud penalty assessed by MUIA against Kozlowski is traceable to his alleged fraud and thus that debt is nondischargeable under § 523(a)(2)(A). *In re Nicodemus*, 497 B.R. 852, 855, 859 (6th Cir. 2013) (relying upon *Cohen* to conclude that "as long as the debt in question arises out of the debtor's fraud, false pretenses, or false representation, the debt should be held nondischargeable under § 523(a)(2)(A)."); *Michigan Unemployment Insurance Agency v. Andrews (In re Andrews)*, No. 15-13681, 2016 WL 4497757, *2 (E.D. Mich. Aug. 24, 2016) (O'Meara, J.) (Concluding the same, and reversing bankruptcy court on this exact issue); *see also State of Colorado, Div. of Fin. & Procurement v. Wine (In re Wine)*, --- B.R. --- , No. 15-13483, 2016 WL 5728049, *5-11 (Bankr. D. Colo. Sept. 30, 2016) (denying debtor's motion to dismiss an adversary proceeding in a Chapter 13 case and concluding, based upon *Cohen*, that the statutory penalties and collection fees related to

7

overpayment of unemployment benefits based upon false representations are nondischargeable debts arising from fraud under § 523(a)(2)(A) and do not become dischargeable under § 523(a)(7)).

Kozlowski makes several arguments to distinguish *Cohen* from the present case. First, Kozlowski contends that the Supreme Court's reference in *Cohen* to § 523(a)(7) supports his statutory interpretation that Congress meant to carve out § 523(a)(7) debts as separate from debts under § 523(a)(2)(A). Kozlowski argues that "the *clear* implication form the Supreme Court's statements in *Cohen* is that *if* there had been a separate section treating the treble damages differently *like § 523(a)(7) does for governmental penalties* – then a different result would have obtained." (Appellant Br., at 44 (emphasis in original).) Yet, the Court agrees with the Bankruptcy Court that the Supreme Court's reference to § 523(a)(7) in *Cohen* plainly does *not* support such an argument or give rise to any such inference. Rather, the pertinent passage in *Cohen* clearly provided that if Congress wished to limit the scope of § 523(a)(2)(A) by distinguishing between theories of recovery, it would have done so plainly in the text of § 523(a)(2)(A), just as it had done in other sections of the Bankruptcy Code, including § 523(a)(7) wherein Congress explicitly distinguished between different theories of recovery. In this passage, the Supreme Court did not speak to Congress's treatment of governmental penalties generally, but rather to Congress's parsing of governmental noncompensatory penalties over governmental compensatory penalties, as explained in § 523(a)(7). Thus, Kozlowski's argument is unavailing.

Kozlowski also argues that *Cohen* can be distinguished because it only speaks to private creditors versus governmental creditors. Kozlowski does not support this argument with any

citation or authority. Indeed, while the creditors in *Cohen* were private individuals, and clearly the creditor in the present action is a governmental entity or unit, there is nothing in *Cohen* that indicates that its scope is limited to private creditors. In fact, the Supreme Court did not limit its holding in *Cohen* to any specific facts or parties but held, broadly, that "any debt" that arises from fraud is encompassed under § 523(a)(2) and is nondischargeable. Significantly, the Supreme Court prefaced its reasoning in *Cohen* with an acknowledgment of the policy behind the Bankruptcy Code: "[t]he Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor.'" *Cohen*, 523 F.3d at 217 (citation omitted). There in nothing to indicate that this policy only applies to debts owed to private parties, nor would such a conclusion be logical. Accordingly, the Court does not find *Cohen* distinguishable on this basis.

  B. Kozlowski's Fraud Penalty does not become Dischargeable by operation of 11 U.S.C. § 523(a)(7)

Kozlowski argues that by operation of 11 U.S.C. § 523(a)(7), the fraud penalty is dischargeable in a Chapter 13 case because unlike § 523(a)(2), § 523(a)(7) is explicitly omitted from the list of debts that are enumerated as nondischargeable debts under § 1328(a). Thus, Kozlowski argues by negative inference that debts that fall within the ambit of § 523(a)(7) are dischargeable in a Chapter 13 case under § 1328(a). Kozlowski also argues that because his fraud penalty falls within § 523(a)(7), it cannot also fall within the reach of § 523(a)(2).

  1. The Debt at Issue Falls within both 11 U.SC. § 523(a)(2) and § 523(a)(7)

Kozlowski relies upon both *Kelly v. Robinson*, 479 U.S. 36 (1986) and *Pennsylvania*

*Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 563 (1990) to argue that the debt at issue in this action is governed solely by § 523(a)(7) rather than § 523(a)(2) (both of these cases predated *Cohen*). The Court, however, agrees with the Bankruptcy Court that the fraud penalty at issue here falls within the definition of debt set forth in *both* § 523(a)(7) and § 523(a)(2) and finds above cited case law distinguishable on this issue.

The Supreme Court analyzed whether criminal restitution orders were dischargeable in a Chapter 7 proceeding in *Kelly* (the answer was yes), and in a Chapter 13 proceeding in *Davenport* (the answer was no). *See Kelly*, 479 U.S. 36 (1986) (finding that a criminal restitution order in a Chapter 7 case falls within the exception to discharge set forth in § 523(a)(7)); *Davenport*, 495 U.S. 552, 563 (1990) (finding that Congress did not intend "to except restitution orders from discharge in certain Chapter 13 proceedings" because it chose to extend some, but not all, the exceptions available in a Chapter 7 to debtors in a Chapter 13 and "chose *not*" to extend § 523(a) to Chapter 13 proceedings (emphasis in original)). However, neither *Kelly* nor *Robinson* address the pertinent issue of whether a debt may fall under both § 523(a)(2) *and* § 523(a)(7). Indeed, both cases were decided eight years or more before *Cohen* <u>and</u> also more than fifteen years prior to the 2005 amendment to § 1328(a), that excepted § 523(a)(2) debts from discharge in Chapter 13 proceedings. *See In re Kozlowski*, 547 B.R. at 229 (citing Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 108-9, 314, 119 Stat. 23 ("adding 523(a)(2) debts to the list of debts that are nondischargeable in Chapter 13")).

Additionally, Kozlowski's argument that the fraud penalty is governed by § 523(a)(7) rather than § 523(a)(2) rests wholly upon an assumption that only one provision can cover the

10

debt at issue. Kozlowski, however, fails to cite to any authority that would support a categorical rule that different sections of § 523(a) could not apply to the same debt. In fact, as noted by the Bankruptcy Court, the Supreme Court indicated as much in the *Kelly* decision. *See In re Kozlwoski*, 547 B.R. at 234. In *Kelly*, the Supreme Court acknowledged that the criminal fraud restitution was dischargeable under § 523(a)(7) but recognized the possibility that the creditor "probably could have avoided discharge of the debt" if it had *also* timely objected to the debt as one for "larceny" in § 523(a)(4). *Kelly*, 479 U.S. at 42 n. 3. Thus, by implication, the Supreme Court has rejected Kozlowski's argument that a debt can only be covered by a single provision of § 523(a).

    2.    Statutory History of 11 U.S.C. § 1328(a) supports the Bankruptcy Court's Decision

Kozlowski next argues that the statutory history of 11 U.S.C. § 1328(a) subsequent to the *Davenport* decision illustrates that Congress "still intended for other fines and penalties under § 523(a)(7) to be dischargeable in a Chapter 13 case." (Appellant Br., at 37.) The Court disagrees.

After the *Davenport* decision in 1990, Section § 1328(a) was amended three different times. In 1990, Congress enacted § 1328(a)(3) "specifically exempting restitution orders from discharge in Chapter 13 bankruptcies and thereby superseding the Court's holding in Davenport." *Hardenberg v. Commonwealth of Virginia (In re Hardenberg)*, 42 F.3d 986, 992 (6th Cir. 1994). This leads to the conclusion that Congress "did not intend bankruptcy courts to be able to discharge state criminal court restitution orders in either Chapter 7 or 13 cases." *Id*. Then in 1994, Congress amended § 1328(a) again, this time making criminal fines nondischargeable in Chapter 13 cases. 11 U.S.C. § 1328(a)(3) (1994).

11

Four years later in 1998, the Supreme Court issued the *Cohen* decision which, as explained above, makes clear that § 523(a)(2) "prevents [the] discharge of 'any debt' respecting 'money, property, services, or credit' that the debtor has fraudulently obtained." *Cohen*, 523 U.S. at 218; *see also In re Wine*, --- B.R. ---, 2016 WL 5728049, *10-11 (Bankr. D. Colo. Sept. 9, 2016) (discussing the history of § 1328 after the *Davenport* decision).

Seven years after *Cohen*, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was enacted which expanded the number of nondischargeable debts enumerated in § 1328(a)(2) and available in a Chapter 13 case. It was through this amendment, seven years after *Cohen*, that Congress decided to "except from discharge in Chapter 13 all § 523(a)(2) debts, as well as debts listed in several other subsections of § 523(a), *but not* § 523(a)(7) debts." *In re Kozlowski*, 547 B.R. at 229 (emphasis added) (citing BAPCPA, Pub. L. No. 108-9, § 314, 119 Stat. 23).

Based on this history, Kozlowski argues that the Court should make the negative inference that Congress intended to keep the § 523(a)(7) debts dischargeable in Chapter 13 cases regardless of whether those penalties arose from the debtor's fraud because Congress chose not to list it specifically as a nondischargeable debt in § 1328(a). The Court, however, agrees with the Bankruptcy Court that Kozlowski's argument is unpersuasive in light of what Congress actually did:

> In 2005, Congress knew that because of *Cohen, all debts* for fraud, including debts that are compensatory in nature as well as debts that are punitive in nature, are nondischargeable under § 523(a)(2). Knowing this, Congress chose in 2005 to make all § 523(a)(2) debts nondischargeable in Chapter 13.
>
> This history shows that Congress intended that *all* debts for fraud, including civil fraud penalties, be non-dischargeable in Chapter 13.

12

*In re Kozlowski*, 547 B.R. at 230 (emphases in original). Thus, the legislative history of § 1328(a), supports the Bankruptcy Court's ruling that Kozlowski's fraud penalty is a debt that is a nondischargeable debt under § 523(a)(2) and § 1328(a)(2).

    3.    Bankruptcy Court Ruling does not Lead to an "Absurd Result" or "Superfluousness"

Kozlowski contends that the Bankruptcy Court's ruling reads § 523(a)(2) so broadly that it renders § 523(a)(7) superfluous. To this end, Kozlwoski relies upon *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) and *Berkson v. Gulevsky* (*In re Gulevsky*), 362 F.3d 961 (7th Cir. 2004). (Appellant Br., at 24-31.)

In *Geiger*, the Supreme Court analyzed whether a debt for a medical malpractice judgment fell within § 526(a)(6)'s exemption from discharge for a debt "for willful and malicious injury." *Geiger*, 523 U.S. at 59. The issue before the Supreme Court was whether § 523(a)(6) "cover[s] acts, done intentionally, that cause injury [as the creditor urged], or only acts done with the actual intent to cause injury [as the debtor urged]." *Id.*, at 61. The Supreme Court concluded that § 523(a)(6) does not include debts that arise from "recklessly or negligently inflicted injuries" and reasoned that to find otherwise would "obviate" the need for § 523(a)(9) which exempted debts from certain torts arising from the debtor's operation of a motor vehicle while intoxicated. *Id.*, at 62, 64. The Supreme Court noted that it was "hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." *Id.*, at 62 (citation omitted).

The Court finds *Geiger* distinguishable from the present case. Unlike *Geiger* where the need for § 523(a)(9) would be completely obviated or subsumed into an interpretation of §

523(a)(6) that included reckless or negligent injuries, in the present case, concluding that the fraud penalty is a nondischargeable debt under § 523(a)(2) would not render § 523(a)(7) "wholly superfluous." *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (where two statutes did not "render one or the other wholly superfluous" the court did not need to find preclusion by "negative implication.") Indeed, § 527(a)(7) would remain applicable to any number of scenarios wherein the non-compensatory penalties owed to a governmental unit were not attributable to fraud, or when a debtor sought a "hardship waiver" under § 1328(b). Thus, finding that a fraud penalty owed to a governmental unit that is attributable to the debtor's fraudulent actions and thus nondischargeable under § 523(a)(2) would not render § 523(a)(7) wholly superfluous.

In *Gulevsky*, a Chapter 7 case, the debtor made oral misrepresentations regarding his financial condition and solvency to a creditor that led to a court judgment against the debtor.[3] *Gulevsky*, 362 F.3d at 963. Thereafter, the creditor sought to have the debt declared nondischargeable under §§ 523(a)(2) (for fraud) and (a)(6) (for "willful and malicious injury by the debtor"). *Id.* The Seventh Circuit Court of Appeals reasoned that because oral misrepresentations regarding a debtor's financial condition were not excepted for discharge by § 523(a)(2)(B) (which requires such a misrepresentation be in writing), those same statements could not be excepted for discharge under § 523(a)(6). *Id.*, at 963-64. The Seventh Circuit

---

[3] While it is never specifically stated that *Gulevsky* is proceeding under Chapter 7, the Court assumes as much because § 523(a)(2) was not excepted from discharge in Chapter 13 proceedings until 2005, a year after *Gulevsky* was issued. Thus, in 2004, a debt arising under § 523(a)(2) would have been dischargeable in a Chapter 13 proceeding. Erroneously, Kozlowski assumes that Gulevsky is a Chapter 13 case and attempts to distinguish the Bankruptcy Court's string cite of cases disagreeing with *Gulevsky* based upon this mistaken fact.

concluded that to allow such an end-around would render the writing requirement for fraud in § 523(a)(2)(B) superfluous, and also held that § 523(a)(2)(B) was the more specific provision which governed over the more general provision of § 523(a)(6).

*Gulevsky* is also distinguishable from the present case. In the present case, it cannot be said that § 523(a)(7) is a more "specific provision" over § 523(a)(2). The Bankruptcy Court accurately explained that, "in different ways, each provision is broader in its operation (and therefore also narrower) than the other." *In re Kozlowski*, 547 B.R. at 235. Section 523(a)(7) speaks to noncompensatory penalties owed to the government regardless of whether those penalties are related to fraud. Hence, § 523(a)(7) has a "broader" application than § 523(a)(2) which requires the debt arise from fraud. Yet, § 523(a)(2) does not distinguish between compensatory or non-compensatory penalties and merely requires the debt spring from fraud. Thus, in that sense, § 523(a)(2) is "broader" in its application than § 523(a)(7). Or as MUIA noted in its response: § 523(a)(2) speaks specifically to fraud, while § 523(a)(7) speaks generally to penalties.

Finally, the Court also rejects Kozlowski's argument that affirming the Bankruptcy Court's ruling will lead to "absurd results." Kozlowski contends that finding the fraud penalty falls within both §§ 523(a)(2) and (a)(7) will result in a creditor having to file an adversary proceeding as mandated by §523(c) for claims that fall within § 523(a)(2) but also not file an adversary proceeding because one is not required for debts that fall under § 523(a)(7). This is a false dichotomy: if a creditor is claiming a debt is nondischargeable pursuant to § 523(a)(2) and § 1328(a), an adversary proceeding would be filed and "[n]o reliance is placed upon section 523(a)(7)." (*See* Appellee Br., at 21.) The fact a creditor need not file an adversary proceeding

pursuant to § 523(a)(7) is simply a nonissue. "The two provisions function independently of one another." *In re Kozlowski*, 547 B.R. at 231; *see also In re Wine*, 2016 WL 5728049, at *9 (finding that these sections of the bankruptcy code can be harmonized and stating: "Sections 523(a)(2)(A) and 523(a)(7) are independent and are not completely duplicative. The most that can be said is that Sections 523(a)(2)(A) and 523(a)(7) overlap in part.")

        4.       Other Case Law Unpersuasive and/or not Relevant

Kozlowski relies upon a recent analogous Bankruptcy Court decision, *Andrews v. Michigan Unemployment Ins. Agency*, (*In re Andrews I*), No. 15-46058, 2015 WL 5813418 (Bankr. E.D. Mich. Oct. 2, 2015), to support his argument that § 523(a)(7) applies to the fraud penalty rather than § 523(a)(2). Since the filing of this appeal, however, a court in this District reversed and remanded that decision to the bankruptcy court, *In re Andrews*, No. 15-13681, 2016 WL 4497757 (E.D. Mich. August 24, 2016) (O'Meara, J.). In *In re Andrew*, U.S. District Judge John Corbett O'Meara found that neither *Kelly* nor *Davenport* "discusses the interplay between Sections 523(a)(2) and (a)(7). Reliance on those cases is misplaced because the instant case focuses on debt derived from fraud, not penalties generically." *Id.* at *2. Judge O'Meara went on to conclude that § 523(a)(2) applied to the fraud penalty assessed by the Michigan Unemployment Insurance Agency because "Section 523(a)(7) refers generically to penalties, but Section 523(a)(2) creates special treatment for debt that was obtained by fraud." *Id.* Thus, the Court finds the bankruptcy court's decision in *In re Andrews I* unpersuasive. *See also In re Wine*, 2016 WL 5728049 (Bankr. D. Colo. 2016) (concluding the same and relying upon the bankruptcy court's decision in *In re Kozlowski*.); Appellee's Br., Ex. 1, *In re Chapko*, Case No. 16-8006 (Bankr. W.D. Mich.) (adopting reasoning in *In re Kozlowski* over *In re Andrews I*).

16

Additionally, the Court also finds Kozlowski's reliance upon non-binding case law interpreting § 523(a)(7) misplaced. Indeed, Kozlowski relies upon a number of non-binding cases, all but two of which predate the 2005 BAPCPA Amendment and *Cohen*, and none of which examine the issue pertinent to this appeal - the interaction of § 523(a)(2) and § 523(a)(7) in the context of a Chapter 13 case. *See United States Securities and Exchange Comm's v. Bocchino* (*In re Bocchino*), 504 B.R. 403 (Bankr. M.D. Pa. 2013) (analyzing whether debtor met the scienter requirement in context of § 523(a)(2) but not analyzing § 523(a)(2) in relation to § 523(a)(7)); *United States v. Horras* (*In re Horras*), 443 B.R. 159 (8th Cir. 2011) (a Chapter 7 case, where a government creditor alleged in its complaint that Medicare/Medicaid restitution assessment was nondischargeable under § 523(a)(2)(A) as a debt incurred under false pretenses and actual fraud and alleged that the penalty was nondischargeable under § 523(a)(7)); *In re Adamic*, 291 B.R. 175, 180 (Bankr. D. Colo. 2003) (Pre-BAPCPA, noting in *dicta* that "debts for overpayment of unemployment compensation benefits in Colorado may be excepted from a Chapter 7 discharge under 11 U.S.C. § 523(a)(2)(A) and monetary penalties may be excepted under 11 U.S.C. § 523(a)(7)."); *Colo. Div. of Cent. Servs. v. O'Brien* (*In re O'Brien*), 110 B.R. 27, 31 (Bankr. D. Colo. 1990) (Prior to both *Cohen* and BAPCPA, Chapter 7 case holding that restitution was nondischargeable under § 523(a)(2), statutory penalty was nondischargeable under § 523(a)(7), but the "collection fee" was dischargeable); *Ill. Dep't of Pub. Aid v. Hatcher* (*In re Hatcher*), 111 B.R. 696 (Bankr. N.D. Ill. 1990) (Prior to both *Cohen* and BAPCPA, a Chapter 7 case where the court determined that unemployment benefit overpayments were nondischargeable under § 523(a)(2)(A) and the penalties were nondischargeable pursuant to § 523(a)(7).) These cases are neither binding, nor relevant and accordingly the Court does not find

17

them persuasive on the issue presented in the instant appeal.

     5.     Construing Exceptions to Discharge

Finally, Kozlowski argues that the Bankruptcy Court erred when it held that both § 523(a)(2) and § 523(a)(7) applied to the fraud penalty because that finding violated the general rule that "exceptions to discharge are to be strictly construed against the creditor." *Rembert v. AT&T Univ. Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). In making this argument, however, Kozlowski, wilfully ignores the binding Supreme Court decision of *Cohen* which provided an (arguably) broad reading of debt arising from fraud. At bottom, Kozlowski argues that this Court can disregard *Cohen* by distinguishing it based upon the fact that *Cohen* did not involve a government creditor. As discussed *supra*, this is not a substantial or relevant distinction given the policy concerns specifically addressed in *Cohen*. This Court, like the Bankruptcy Court, is not free to disregard *Cohen* or the plain language of § 523(a)(2) and § 1329(a). Thus, Kozlowski's argument must be rejected.

## IV. CONCLUSION

For all these reasons, the Court DENIES Appellant Debtor Kozlowski's Appeal and AFFIRMS the Bankruptcy Court's Order Denying Appellant Debtor Kozlowski's Motion to Dismiss.

IT IS SO ORDERED.

                                                              PAUL D. BORMAN
                                                             UNITED STATES DISTRICT JUDGE

Dated: OCT 2 8 2016